Mary E. Bellingrath, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 100965. Promulgated January 15, 1942.

*Robert A. Littleton, Esq.*, for the petitioner.
*Frank M. Thompson, Esq.*, for the respondent.

OPINION.

KERN: The ultimate question presented here for our determination is whether certain contributions made by petitioner through partnerships of which she was a member to the Alabama Bottlers' Association in the taxable year, are deductible as ordinary and necessary business expenses under section 23 (a) of the Revenue Act of 1936,[1] or are not deductible by reason of being expended for the defeat of legislation and, therefore, coming within the purview of article 23 (q)-1 of Regulations 94.[2]

Petitioner urges that a decision of this question on its merits is unnecessary and improper because it is *res adjudicata* by reason of our decision in the case of *Mary E. Bellingrath*, Docket No. 97947 (memorandum opinion, April 27, 1940), in which we held that contributions made by this petitioner in 1935 to the same association were deductible. With this contention we do not agree. *Engineer's Club of Philadelphia* v. *United States*, —— Fed. Supp. —— (Ct. Cls., Nov. 3, 1941). While the activities of the association in 1936 were comparable and similar to those of 1935, they were not identical. "They

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

[2] * * * Sums of money expended for lobbying purposes, the promotion or defeat of legislation, the exploitation of propaganda, including advertising other than trade advertising, and contributions for campaign expenses, are not deductible from gross income.

were a different, though similar, set of events. They consisted of a whole course of conduct from day to day in all its details of an enterprise of considerable scope." *Loc. cit.* In such circumstances the principle of *res adjudicata* does not apply.

We proceed, therefore, to a consideration on its merits of the ultimate question presented.

Petitioner's partnership and other bottlers of soft drinks in the State of Alabama were concerned over proposed legislation which would have imposed on them a considerable additional tax burden. They proceeded to take legitimate and unobjectionable steps through their association to forestall the passage of this legislation in its proposed form. These steps consisted of gathering facts, figures, and arguments to be presented before the proper committees of the legislature, which would also be available to individual members of the association in presenting the question from the standpoint of the bottlers to their respective representatives in the legislature. All these activities were normal and in no way sinister or objectionable. They were not engaged in "lobbying" for hire and there is no evidence that they were attempting to debauch the public morals of the legislators of Alabama. They were engaged in a proper and legal attempt to prevent injury to their business by persuading the legislature that the proposed legislation was unwise, unfair, and unwarranted. In order to defray the expenses of these activities of the association, petitioner made the contributions in question.

It seems evident to us that such contributions were "money expended for * * * the * * * defeat of legislation", and therefore come within the phraseology of the quoted regulation.

The question thereupon arises whether this regulation has the force and effect of law. We have, in the past, felt that "obligatory application of the regulation would result [under certain circumstances] in misapplication of the statute", and have refused to recognize the validity of the regulation in cases where the expenditures were, apart from regulation, ordinary and necessary business expenses. *Textile Mills Securities Corporation*, 38 B. T. A. 623. However, the Supreme Court of the United States, in the recent case of *Textile Mills Securities Corporation v. Commissioner*, 314 U. S. 326, has unequivocally approved the regulations as a valid exercise of the rule-making authority making nondeductible the "special group of expenses" set out in the regulation.

Whatever may have been our views on this subject before the Supreme Court spoke, we must now accord complete validity to the regulation. Since we have already held that the regulation is applicable to individuals as well as to corporations, *Mrs. William P. Kyne*, 35 B. T. A. 202,

*Decision will be entered for respondent.*